UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| PATRICK PIERCE, | ) | |
| Plaintiff, | ) ) ) | |
| vs. | ) ) | Case No. 4:10CV1376 CDP |
| UNITED STATES OF AMERICA, | ) ) ) | |
| Defendant. | ) | |

## **MEMORANDUM AND ORDER**

Patrick Pierce brings this case under 28 U.S.C. § 2255, seeking to vacate, set aside, or correct his sentence. Pierce argues that his counsel was ineffective for failing to raise a technical sentencing guidelines argument that was later accepted by the Court of Appeals in a different case. The argument counsel should have raised was whether a resisting arrest prior conviction can be a qualifying violent felony that results in an enhanced base offense level under the firearms guidelines, when the resisting arrest prior was sentenced concurrently with a non-violent felony conviction having a longer sentence. I conclude that counsel should have raised the issue and that Pierce was prejudiced by the failure, and so Pierce was deprived of the right to effective assistance of counsel guaranteed by the Sixth Amendment. I will therefore grant the motion to vacate and set Pierce's criminal case for resentencing.

## Background

Pierce was charged in a two-count indictment with being a felon in possession of ammunition, in violation of 18 U.S.C. § 922(g)(1), on two separate occasions. Case No. 4:09CR172 CDP. On June 24, 2009, he and the Government entered into a plea agreement whereby Pierce plead guilty to one of the counts and the Government agreed to dismiss the other count. The plea agreement recommended that Pierce's base level offense was 14, 20, or 24, depending on the nature of his criminal history under United States Sentencing Guidelines § 2K2.1(a).[1] The parties agreed that four levels should be added under § 2K2.1(b)(6) because Pierce possessed the ammunition in connection with another felony offense. They disagreed about whether two levels should be added under § 3C1.2, which would apply if Pierce had recklessly created a substantial risk of death or serious bodily injury while fleeing from the police. The government agreed that Pierce had accepted responsibility for his criminal conduct and so should get three levels off under § 3E1.1. The parties waived their right to appeal anything other than the dispute regarding reckless endangerment during flight, and Pierce waived his right to file a § 2255 motion, except for claims of prosecutorial misconduct or ineffective assistance of counsel.

---

[1] All guidelines citations are to the United States Sentencing Guidelines effective November 1, 2008, under which Pierce was sentenced.

The Presentence Investigation Report (PSR) recommended that Pierce's base offense level was 20 under § 2K2.1(a)(4)(A) because he had a prior conviction for a crime of violence, resisting arrest. The PSR also applied the two level reckless endangerment enhancement, and after adopting the other Guidelines provisions agreed to by the parties, concluded that the total offense level was 23.

Pierce's counsel raised two objections to the PSR: he objected to the reckless endangerment enhancement, and he also objected to the conclusion that his resisting arrest conviction was a crime of violence. The government presented evidence supporting the reckless endangerment conclusion, and I overruled Pierce's objection on that issue. The parties presented argument on the crime of violence issue. If the resisting arrest prior was not a crime of violence, Pierce's base offense level would have been only 14, instead of 20. Pierce's counsel recognized that the United States Court of Appeals for the Eighth Circuit had recently held that Missouri resisting arrest is a crime of violence in *United States v. Hudson*, 577 F.3d 883 (8th Cir. 2009). He argued that the court should follow a contrary rule from other circuits, but I rejected that argument and followed the Eighth Circuit's precedent. I adopted the PSR's conclusion that the total offense level was 23. Because Pierce was in criminal history category III, his sentencing guidelines range was 57 to 71 months. I sentenced him to 57 months imprisonment on September 15, 2009.

Pierce appealed his sentence, raising, for the first time, the issue he now claims his trial counsel was ineffective for failing to raise, which is that his resisting arrest conviction does not result in a base offense level 20, not because it was not a crime of violence – as he had argued earlier – but because it did not receive any criminal history points under the guidelines governing criminal history computation. The Court of Appeals held that this argument was within the scope of the appeal waiver, and so it dismissed the appeal. *United States v. Pierce*, No. 09-3262, 382 Fed.Appx. 527, 2010 WL 2508595 (8th Cir. June 23, 2010) (per curiam).[2]

## Discussion

In *King v. United States*, 595 F.3d 844 (8th Cir. 2010), the Court of Appeals accepted what it described as a "relatively sophisticated argument" regarding the sentencing guidelines, and that case supports Pierce's claims here. Although the dispute in *King* arose in the career offender context (§ 4B1.1) instead of under the firearms/ammunition guideline (§ 2K2.1), both guideline provisions reference the same definition of crime of violence found in § 4B1.2. Not all convictions that meet the definition of crimes of violence, however, count as predicates for career

---

[2]Pierce's briefs appear to attempt to raise this same issue on the merits in this § 2255 motion, but he cannot do that, because he waived his right to raise anything other than ineffective assistance of counsel or prosecutorial misconduct on a § 2255 motion. For the same reason the Court of Appeals concluded that the argument on the merits was waived on appeal, I conclude it is waived in this § 2255 motion. I may therefore only consider the claim of ineffective assistance of counsel.

offender classification under § 4B1.1 or for an enhanced base offense level under § 2K2.1. The definition in § 4B1.2(c) also requires that "the sentences . . . are counted separately under the provisions of § 4A1.1(a), (b), or (c)." And Application Note 10 to the Commentary under § 2K2.1 directs that only "those felony convictions that receive criminal history points under § 4A1.1(a), (b), or (c)" should be counted. Thus, a prior sentence must have received points under one of those subsections in order to trigger the career offender guideline or to lead to a higher base offense level under the firearms guidelines.

Certain prior convictions, including those committed on the same day without an intervening arrest and sentenced together, are treated as one sentence for the purpose of assigning criminal history points under § 4A1.1 (a), (b) and (c). *See* § 4A1.2(a)(2). Because several convictions may be grouped, in order to determine whether to assign 1, 2, or 3 points under § 4A1.1(a), (b), or (c), the guidelines tell the court to "use the longest sentence of imprisonment if concurrent sentences were imposed." *King*, 595 F.3d at 849, quoting U.S.S.G. § 4A1.2(a)(2).

In *King*, the groups of convictions used to invoke the career offender provisions included both resisting arrest and other crimes not classified as crimes of violence. The first group in *King* is analogous to Pierce's case, because in that group it was the non-violent offense that drew the longest of the concurrent sentences, and so it was the non-violent offense that was assessed criminal history

points, under the directive of § 4A1.2(a)(2). The court found "plausible" King's argument that because the violent offense did not receive criminal history points, it could not be used to find he was a career offender. The court held that in this situation the rule of lenity should apply, and so the district court erred in sentencing King as a career offender. 595 F.3d at 852.

The *King* court did not hold, however, that King's trial counsel was ineffective for failing to raise this issue, nor did it find that counsel was *not* ineffective. Instead, the court avoided actually deciding the issue, but stated: "We would be reluctant to conclude that King's attorney was unconstitutionally ineffective for failing to raise his guideline argument at sentencing, for we must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct. . . . That we now conclude King's argument prevails does not necessarily mean his attorney was incompetent for failing to pursue it." *Id.* at 853 (internal quotations omitted). It cited *Anderson v. United States*, 393 F.3d 749, 754 (8th Cir. 2005), for the proposition that counsel is not ineffective for failing to raise an argument that was wholly novel at the time of the proceeding, even if the argument is later found to be meritorious. *Id.*

The Court of Appeals in *King* remanded for resentencing, however, after concluding that King's *appellate* counsel was ineffective, for two reasons: (1)

counsel failed to argue that King's appeal waiver did not apply because the sentencing court had not followed the recommendations of the plea agreement, and (2) counsel failed to raise this guidelines issue on appeal even though King had pointed it out and raised it in a *pro se* filing. The Court therefore remanded the case for resentencing without explicitly determining whether trial counsel was ineffective.

I am now faced with the issue the Court of Appeals was able to avoid deciding in *King*. Judicial scrutiny of counsel's performance must be highly deferential." *Strickland v. Washington*, 466 U.S. 668, 689 (1984) (citing *Engle v. Isaac*, 456 U.S. 107, 133 (1982)). To prove ineffective assistance of counsel Pierce has the burden of showing that (1) trial counsel's performance failed to conform to the degree of skill, care, and diligence of a reasonably competent attorney; and (2) Pierce was prejudiced by trial counsel's poor performance. *Id.* at 687. With these standards in mind, I turn to the facts of Pierce's sentencing guidelines calculations.

Pierce's criminal history category was III, because he had five criminal history points under § 4A1.1 (a) - (c). His base offense level of 20 under § 2K2.1(a)(4)(A) was imposed because he had a 2005 conviction for resisting

arrest.[3] That conviction resulted from Pierce's pleading guilty to three charges, all arising out of events that took place on January 19, 2005. Pierce was sentenced for all three counts at the same time on the same day, with the sentences on the three charges suspended and ordered to run concurrently with one another. He received five years for tampering in the first degree, one year for tampering in the second degree, and four years for resisting arrest. The PSR grouped these three convictions together, as it was required to do under § 4A1.2(a)(2), and assessed one criminal history point to the group under § 4A1.1(c). The resisting arrest conviction in this group is Pierce's only conviction for a crime of violence.

Pierce's argument is correct: the resisting arrest conviction does not qualify as one that can result in a higher base offense level under § 2K2.1 because it did not receive any criminal history points. Under § 4A1.2(a)(2), it was the tampering in the first degree sentence – not the resisting arrest sentence – that received the point, because the tampering sentence was the longest. I erred in concluding that the base offense level was 20, as the correct base offense level was actually 14, and counsel erred in not pointing this out.

For Pierce to show the first prong of the *Strickland* standard however, he must show more than a mere error. The standard is whether counsel's failure to

---

[3]Pierce's other criminal convictions, and the conclusion that he was in criminal history category III, are not at issue here.

raise this issue meant that his performance fell below the degree of skill, care and diligence of a reasonably competent attorney. In *King* the court noted that this is a "relatively sophisticated argument," *id.* at 847, and it was "reluctant" to conclude that counsel was ineffective. *King* was decided five months after I sentenced Pierce, and so his attorney did not have the benefit of its reasoning. But the argument was not novel. The rule that criminal history points must be assessed for a conviction to qualify for career offender status was discussed in *United States v. Peters*, 215 F.3d 861 (8th Cir. 2000). For firearms cases, the rule was discussed in *United States v. Charles*, 209 F.3d 1088, 1090 (8th Cir. 2000) (two burglary convictions were not "counted separately" and so count as only one prior violent felony) and in *United States v. Ruhaak*, 49 Fed. Appx. 656, 2002 WL 31426447 (8th Cir. Oct. 31, 2002) ("A prior felony conviction is a crime of violence under this provision if it receives criminal history points and is counted separately under U.S.S.G. § 4A1.1(a)-(c)."). Some version of the argument had thus been recognized at least three times in the past ten years by the Eighth Circuit. While I recognize that this is not an issue that arises every day, and that the *King* count described it as "relatively sophisticated," Pierce's counsel could and should have made the same argument as counsel for Peters, Charles, Ruhaak and King made.[4]

---

[4]The argument is also counterintuitive because it is based on the premise that a defendant should receive a *lower* sentence because he has *more* prior convictions. The normal theory of the sentencing guidelines is that defendants who have a more extensive criminal history will receive

I conclude that his failure to do so means he "made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Strickland*, 466 U.S. at 687.

The next question is whether Pierce was prejudiced by his counsel's actions. In *King* the Court found that there was "little doubt" that the prejudice prong of the *Strickland* ineffective assistance test had been met because King would have likely received a much shorter sentence had the argument been presented to the district court. 595 F.3d at 852-53. I sentenced Pierce to 57 months, the bottom of the advisory guidelines range of 57 to 71 months. Had Pierce been assessed the correct base offense level of 14 and everything else remained the same, Pierce would have had a total offense level of 17. His advisory guidelines range would have been 30 to 37 months. As *King* points out, a sentencing error of even six months can be prejudicial. *Id.* I find that Pierce has shown the necessary prejudice.

Pierce received ineffective assistance of counsel and is therefore entitled to have his sentence and conviction vacated and to be resentenced under the guidelines interpretation that has been adopted by the Eighth Circuit.

Accordingly,

---

a higher sentence than those with fewer prior convictions. Had Pierce only been convicted of resisting arrest in 2005, he would have a base offense level of 20. But because he was *also* convicted at that time of tampering, he has a base offense level of only 14.

**IT IS HEREBY ORDERED** that Pierce's amended motion to vacate, to vacate, set aside, or correct his sentence [#11] is GRANTED and his sentence in Case No. 4:09CR172 CDP is VACATED.

A separate judgment in accord with this Memorandum and Order is entered this same date, as is a separate order in the criminal case vacating the judgment and setting the case for future proceedings.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 26th day of April, 2011.